[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14695
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 6, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:11-cr-20451-CMA-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

OSCAR JUNIOR BONILLA HERNANDEZ,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 6, 2012)

Before PRYOR, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Oscar Bonilla Hernandez appeals his forty-eight month sentence following his conviction for illegal reentry after removal in violation of 8 U.S.C. § 1326(a), (b)(1). After review of the parties' briefs, we affirm the district court.

Bonilla is a citizen of Honduras. He was arrested by Immigration and Customs Enforcement officers on June 13, 2011 after they determined that he was in the country illegally. Bonilla pleaded guilty to the charge of illegal reentry. At sentencing, the district court adopted the Pre-Sentence Report's recommendation of a base offense level of eight under U.S.S.G. § 2L1.2, a sixteen-level enhancement for a previous conviction for a crime of violence under U.S.S.G. § 2L.2(b)(1)(A)(ii), and a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b). The PSR also recommended a criminal history category of III, based on Bonilla's prior conviction for aggravated battery and two prior felony traffic violations. The overall offense level of twenty-one and the criminal history category of III resulted in a guideline sentence range of forty-six to fifty-seven months.

On appeal, Bonilla argues that the sentence is substantively unreasonable because 1) the district court did not adequately consider the sentencing factors under 18 U.S.C. § 3553(a); 2) the criminal history enhancement under § 2L1.2(b)(1)(A)(ii) was not supported by empirical evidence; and 3) the district

court failed to consider the sentencing disparities that exist between fast track and non-fast track jurisdictions under 18 U.S.C. § 3553(a)(6).  We consider each argument in turn.

We review a sentence for substantive reasonableness[1] under an abuse of discretion standard.  Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).  This Court assesses the substantive reasonableness in light of the record and the factors listed under 18 U.S.C. § 3553(a).  United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).  A sentence must be "sufficient, but not greater than necessary" to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment," as well as deter criminal conduct.  18 U.S.C. § 3553(a)(2).  Although we do not automatically presume a sentence within the guideline range to be reasonable, we ordinarily expect it to be reasonable.  United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008).  We review arguments raised for the first time on appeal for plain error.  United States v. Bennett, 472 F.3d 825, 831 (11th Cir. 2006).[2]

First, Bonilla argues that his sentence is substantively unreasonable under

---

[1]  Bonilla has not argued that his sentence is procedurally unreasonable.

[2]  To demonstrate plain error, a defendant must show: 1) there is an error; 2) that is plain; 3) that affects his substantial rights; and 4) that seriously affects the fairness or integrity of a judicial proceeding.  United States v. Lejarde-Rada, 319 F.3d 1288, 1290 (11th Cir. 2003).

3

§ 3553(a) because the district court gave almost exclusive consideration to his prior aggravated battery conviction, and failed to consider mitigating factors, such as the circumstances of the charged offense, and his family responsibilities. However, the district court considered a number of factors beyond Bonilla's prior conviction for aggravated battery, including his multiple prior illegal reentries, his demonstrated willingness to violate the laws once he was in the United States, and his family situation. Given that the district court weighed the § 3553(a) factors, we will not substitute our judgment for that of the district court by re-weighing those factors. United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007).

Second, Bonilla argues that U.S.S.G. § 2L1.2(b)(1)(A)(ii) is not supported by empirical evidence, and that the provision disproportionately increased his offense level relative to the seriousness of his underlying offense. Bonilla apparently neither raised this argument in his objections to the PSR nor at the time of sentencing. Therefore, we review the argument for plain error. This Court has previously held that the absence of empirical evidence alone is not sufficient to compel invalidation of a sentencing guideline. United States v. Snipes, 611 F.3d 855, 870 (11th Cir. 2010). Therefore, Bonilla cannot establish that the district court's alleged misapplication of § 2L1.2(b)(1)(A) was plain error. See Lejarde-Rada, 319 F.3d at 1291 ("[W]here the explicit language of a statute or rule does

4

not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it.") (citations omitted).

Finally, Bonilla argues that the district court erred under § 3553(a)(6)[3] in failing to consider sentencing disparities between fast-track and non-fast track jurisdictions. Given that he did not raise this issue in the district court, we also review this argument under the plain error standard. This Court is bound by United States v. Vega-Castillo, 540 F.3d 1235 (11th Cir. 2008), which holds that § 3553(a)(6) does not require district courts to depart downward based upon the availability of fast-track sentencing departures in other jurisdictions. Id. at 1238–39. Therefore, the district court's failure to consider the fast-track sentencing disparities cannot be plain error.

For the reasons stated, we AFFIRM the district court.

---

[3] This section provides that district courts should "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).